Other Reg. (NJ) 2006 Jury

RECEIVED
SUPERIOR COURT OF NEW JERSEY
AUG 2 1 2006
FINANCE DIVISION - CIVIL (LAW)
UNION COUNTY

**POGUST & BRASLOW, LLC**
**Harris L. Pogust, Esq.**
**Derek T. Braslow, Esq.**
**Robert N. Wilkey, Esq.**
**Eight Tower Bridge**
**161 Washington Street, Suite 1520**
**Conshohocken, PA 19428**
**(610) 941-4204 Ph.**
**(610) 941-4245 Fax**
**Attorneys for Plaintiff**

FEE ATTACHED 8/21
BATCH NO. 256 C.C.
CHECK CASH M.O.
PAYOR: Pogust
CHECK/CASH RECEIPT # 1755
AMOUNT 200

**JENINE VON ESSEN**
9935 Wingtip Rd.
Philadelphia, PA 19115

**Plaintiff,**

2973

**C.R. BARD, INC.**
730 Central Avenue
Murray Hill, New Jersey, 07974

**AND**

**DAVOL, INC.**
100 Sockanossett Crossroad
P.O. Box 8500
Cranston, RI 02920

**Defendants.**

**SUPERIOR COURT OF NEW JERSEY**

**UNION COUNTY – LAW DIVISION**

**Docket No.** UNN-L-2973 06

**Civil Action**

**COMPLAINT AND JURY DEMAND**

RECEIVED/FILED
Superior Court of New Jersey
AUG 2 1 2006
CIVIL CASE MANAGEMENT
UNION COUNTY

## COMPLAINT

Plaintiff Jenine Von Essen ("Plaintiff"), residing at 9935 Wingtip Rd., Philadelphia, PA 19115, by her attorneys, POGUST & BRASLOW, LLC, as and for the Verified Complaint herein allege upon information and belief the following:

## NATURE OF ACTION

1. Plaintiff brings this action on behalf of herself for harms suffered as a patient, recipient, user, consumer of a defective Composix Kugel Mesh Patch product

COMPUTER
AUG 2 2 2006
SECTION

(hereinafter "Patch"), designed, manufactured, produced, and distributed by Davol, Inc., (hereinafter "Davol") a wholly owned subsidiary of C.R. Bard, Inc. (hereinafter "C.R. Bard.").

**PARTIES**

2. At all time relevant herein, Plaintiff was a resident of the Commonwealth of Pennsylvania and currently resides in Pennsylvania.

3. Defendant Davol is a wholly owned subsidiary of C.R. Bard with its principal office and place of business at 100 Sockanosset Crossroad, P.O. Box 8500, Cranston, Rhode Island, 02920. Davol at all times relevant developed, produced, sold, and distributed hernia repair related products including but not limited to, the Patch, throughout the United States and the world and does substantial and continuing business in the State of New Jersey. Upon information and belief, Davol is licensed and registered to do business in New Jersey and obtained the benefits of the laws of New Jersey and profited from New Jersey commerce.

4. Defendant C.R. Bard is a New Jersey corporation with its principal office and places of business at 730 Central Avenue, Murray Hill, New Jersey, 07974, and at all times relevant developed, produced, sold, and distributed hernia repair related products including but not limited to, the Patch, throughout the United States and the world and does substantial and continuing business in the State of New Jersey. Upon information and belief, C.R. Bard is licensed and registered to do business in New Jersey and obtained the benefits of the laws of New Jersey and profited from New Jersey commerce.

**FACTS**

5. Plaintiff was born on September 25, 1946.

6. On December 18, 2005, Plaintiff was admitted to the hospital as a result of hernia related pain.

7. On or about December 22, 2005, Plaintiff underwent hernia repair surgery which involved, employed, utilized, and otherwise consisted of surgically using the Patch.

8. On or about December 22, 2005, Defendants by way of the Federal Drug Administration ("FDA"), initiated a Class I recall for certain Patches, but upon information and belief, not the Patch surgically used in Plaintiff's hernia repair surgery.

9. On December 27, 2005, Davol notified consumers of the Class I recall.

10. On January 7, 2006, Plaintiff was re-admitted to the hospital as a result of complications relating to her hernia related surgery.

11. On March 24, 2006, Bard issued letters to health care providers.

12. On March 31, 2006, Defendants by way of the FDA, initiated an updated Class I recall to include all additional Patches.

13. On April 13, 2006, Plaintiff received notice from the hospital, explaining that the Patch used in her hernia surgery had been recalled due to a "memory recoil ring breakage" which can cause infections, perforations, and other complications. It was determined that because of Plaintiff's frail condition, the Patch should not be removed.

14. In May of 2006, Plaintiff began to feel pain and extreme discomfort in her hernia region. She also began to feel a wire pushing out of her body. Plaintiff was taken into surgery whereupon the defective Patch was surgically removed.

15. In June 2006, Plaintiff experienced additional complications, namely infection and blood clots stemming from her Patch removal wound site, requiring additional surgery, two additional hospitalizations, and medical treatment.

16. Plaintiff was also later required to go to the emergency room as a result of congestive heart failure and other significant complications as a result of the Patch removal and infection, again requiring additional surgery, hospitalization for approximately two weeks and medical treatment.

17. As a result of the Patch removal, Plaintiff is presently being treated for an open wound that requires continuous medical treatment and supervision.

18. Plaintiff has incurred severe pain, discomfort, fear, stress, and harm related to the removal of the Patch. Plaintiff continues to suffer severe pain, discomfort, fear, stress, and harm related to the removal of the Patch.

**COUNT I – NEGLIGENCE**

19. Plaintiff incorporate by reference all other paragraphs of this Complaint as if fully set forth herein.

20. Defendants knew or should have known, by the exercise of reasonable care or the application of reasonable, developed human skill and foresight, that: the Patch had a high risk of breakage, specifically that the "memory coil ring" upon being subjected to stress after placement in the intra-abdominal space posed a risk of breakage, separation, tearing, and splitting, resulting in extreme harm and risk to patients.

21. Defendants owed, inter alia, to Plaintiff the following duties to Plaintiff:

(a) to exercise reasonable care in ensuring that the Patch was designed, constructed, and composed, in a manner that would not subject it to breakage, separation, tearing, and splitting, resulting in extreme harm and risk to patients;

(b) to exercise reasonable care in ensuring that the Patch would not result in injury or harm;

(c) to adequately warn Plaintiff and her treating physicians, of the risks of memory recoil ring breakage associated with the Patch.

22. Defendants breached said duties by the manner in which they studied, tested, designed, developed, manufactured, inspected, produced, advertised, marketed, promoted, distributed, and/or sold the Patch.

23. As a direct and proximate result of the aforesaid breaches, Plaintiff's Patch installed as part of hernia repair surgery, was caused to break, separate, tear, and split, resulting in extreme harm and risk to Plaintiff, and Defendants are liable to Plaintiff.

*WHEREFORE,* Plaintiff claims of Defendants compensatory damages, punitive damages, interest and allowable costs of suit.

**COUNT II – NEGLIGENCE *PER SE***

24. Plaintiff incorporates by reference all of the paragraphs of this Complaint as if fully set forth herein.

25. Defendants owed a duty to Plaintiff to adequately warn her, and her treating physicians, of the risks of breakage, separation, tearing, and splitting associated with the Patch, and the resulting extreme harm and risk to patients.

26. Defendants breached said duty by failing to comply with state and federal regulations concerning the study, testing, design, development, manufacture, inspection, production, advertisement, marketing, promotion, distribution, and/or sale of the Patch, including but not limited to N.J. Stat. Ann. § 56:8-1 *et. seq*. and N.J. Stat. Ann. § 2A: 58C-1; 58C-8.

27. As a direct and proximate result of the aforesaid breaches, the Patch utilized in Plaintiff's hernia repair surgery was caused to break, resulting in Plaintiff suffering much pain and harm, and Defendants are liable to Plaintiff.

*WHEREFORE,* Plaintiff claims of Defendants compensatory damages, punitive damages, interest and allowable costs of suit.

**COUNT III - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

28. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

29. Plaintiff suffered severe emotional distress, which was the direct and proximate result of Defendants extreme, outrageous, intentional, willful, and reckless conduct in studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of the Patch for hernia repair.

30. Plaintiff suffered severe emotional distress, which included but was not limited to severe and disabling emotional and physical distress, the direct and proximate result of Defendants' extreme, outrageous, intentional, willful, and reckless conduct in failing to adequately and safely design and construct an effective and safe Patch for hernia repair, in complete and reckless disregard of safety to Plaintiff.

31. As a result of the foregoing, Defendants are liable to Plaintiff.

*WHEREFORE*, Plaintiff claims of Defendants, compensatory damages, punitive damages, interest and allowable costs of suit.

**COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

32. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

33. Plaintiff suffered severe emotional distress, which was the direct and proximate result of Defendants negligent conduct in studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of the Patch for hernia repair.

34. Plaintiff suffered severe emotional distress, which was the direct and proximate result of Defendants negligent conduct in failing to adequately and safely design and construct an effective and safe Patch for hernia repair.

35. As a result of the foregoing, Defendants are liable to Plaintiff.

*WHEREFORE*, Plaintiff claims of Defendants, compensatory damages, punitive damages, interest and allowable costs of suit.

**COUNT V - VIOLATION OF NEW JERSEY'S CONSUMER FRAUD ACT**
*(N.J. Stat. Ann. § 56:8-1 et. seq.)*

36. Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully set forth herein.

37. Defendants are merchants with respect to its studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of Patches for hernia repair.

38. Defendants knowingly committed unfair and deceptive trade practices in its studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of Patches for hernia repair.

39. Defendants knowingly committed unfair and deceptive trade practices in failing to adequately and safely design and construct an effective and safe Patch for hernia repair.

40. When Defendants were studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of Patches for hernia repair, Defendants knew or reasonably should have known that some Patches were at risk, specifically that the "memory coil ring" upon being subjected to stress after placement in the intra-abdominal space, posed a significant risk of breakage, separation, tearing, and splitting, resulting in extreme harm and risk, even death to patients.

41. At no time prior to December 2005, did Defendants inform the FDA of its knowledge concerning the dangers of some adults who were being distributed such Patches for hernia repair.

42. At no time prior to December 2005 or prior to Plaintiff's hernia repair, did Defendants inform the public at large of its knowledge concerning the dangers to some adults who were being distributed such Patches for hernia repair.

43. Defendants also failed to give adequate warnings regarding the use and potential problems with such Patches used for hernia repair.

44. Defendants' actions complained of herein occurred in the conduct of trade or commerce, and all of the conduct alleged herein occurred in the course of Defendants' business.

*WHEREFORE*, Plaintiff claims of Defendants, compensatory damages, punitive damages, interest and allowable costs of suit.

**<u>COUNT VI - VIOLATION OF NEW JERSEY'S PRODUCTS LIABILITY ACT</u>**
*(N.J. Stat. Ann.. § 2A: 58C-1; 58C-8)*

45. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

46. Defendants were careless, negligent, breached their duties and obligations owed to plaintiff by various sections of the New Jersey's Product Liability Act, N.J.S.A. § 2A: 58C-1; 58C-8, and are liable for causing injuries to plaintiff for the following reasons:

a) selling a product in a defective condition;

b) selling a product which was unreasonably dangerous to the user;

c) failing to supply adequate warnings with the product;

d) failing to provide accurate and truthful instructions to be followed with regard to the utilization of this product;

e) selling a product which was not safe for its intended use;

f) selling a product which was lacking of one or more elements necessary to make it safe for its intended use;

g) manufacturing a product which was defective and which could cause injury to the user;

h) designing a product which was defective and which could cause

injury to the user;

i) distributing a product which was defective and could cause injuries to a user;

j) failing to see that ultimate users were advised of the dangers of said product;

k) failing to exercise reasonable care in the design of this product;

l) failing to exercise reasonable care in the marketing of this product;

m) failing to adequately and properly test said product;

n) failing to use reasonable care under the circumstances;

o) delivering a product which was defective and could cause injury to the user;

p) producing a product which was defective and could cause injury to the user;

q) producing a product with component parts that defendant knew or should have known increased the risk of harm to the user;

r) supplying a product which was defective and could cause injury to the user;

s) engaging in other acts regarding the studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of Patches for hernia repair as will be learned in discovery;

t) failing to employ and adhere to a comprehensive and adequate and safe "memory coil ring" or similar ring that could withstand the stress of placement in the intra-abdominal space;

47. As a result of Defendants' violation of the New Jersey's Products Liability Act, Plaintiff was caused to sustain serious emotional and physical harms.

WHEREFORE, Plaintiff claims of Defendants, compensatory damages, punitive damages, interest and allowable costs of suit.

**COUNT VII – PUNITIVE DAMAGES UNDER THE NEW JERSEY PUNITIVE DAMAGES ACT**
(*N.J.S.A.* § 2A: 15-5.9; § 2A:15-5.12)

48. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

49. Defendants' actions as set forth above were intentional, wanton, willful and outrageous. Defendants were grossly negligent, and acted with reckless disregard of and with deliberate, callous and reckless indifference to the rights, interests, welfare and safety of Plaintiff and all others similarly situated.

50. Defendants' intentional, wanton, willful and outrageous actions consisted of, but are not limited to:

a. intentionally failing to conform to state and federal regulatory and statutory guidelines related to the studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of Patches for hernia repair;

b. intentionally failing to disclose that such Patches used for hernia repair, were subject to an increased risk of breakage, separation, tearing, and splitting, resulting in extreme harm and risk to patients;

51. By reason of the wanton, willful and outrageous conduct of Defendants, as aforesaid, Plaintiff was caused to sustain said physical and emotional injuries and harms.

52. By reason of the wanton, willful and outrageous conduct of Defendants pursuant to the Restatement of Torts, § 908(1) and the New Jersey Punitive Damages Act, N.J.S.A.§ 2A: 15-5.9; § 2A:15-5.12, Defendants are liable for punitive damages and relief as this Court deems just.

*WHEREFORE*, Plaintiff claims of Defendants, compensatory damages, punitive damages, interest and allowable costs of suit.

BY: ______________________

Harris L. Pogust, Esquire
Derek T. Braslow, Esquire
Robert N. Wilkey, Esquire
POGUST & BRASLOW, LLC
161 Washington Street
Suite 1520
Conshohocken, PA 19428

**DATED: August 16, 2006**

**JURY TRIAL DEMANDED**

Please take notice that the Plaintiff hereby demands a trial by jury as to all issues in the above matter.

BY:____________________

Harris L. Pogust, Esquire
Derek T. Braslow, Esquire
Robert N. Wilkey, Esquire
POGUST & BRASLOW, LLC
161 Washington Street
Suite 1520
Conshohocken, PA 19428

**DATED: August 16, 2006**

**JURY TRIAL DEMANDED**

Please take notice that the Plaintiff hereby demands a trial by jury as to all issues in the above matter.

BY: ______________________

Harris L. Pogust, Esquire
Derek T. Braslow, Esquire
Robert N. Wilkey, Esquire
POGUST & BRASLOW, LLC
161 Washington Street
Suite 1520
Conshohocken, PA 19428

**DATED: August 16, 2006**