**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444
**-and-**
**SPRIGGS & HOLLINGSWORTH**
1350 I Street, N.W., Ninth Floor
Washington, DC 20005
(202) 898-5800

*Attorneys for Defendants*
*C.R. Bard, Inc. and Davol Inc.*
DC-3417

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JENINE VON ESSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:06-cv-04786-SDW-MCA |
| | ) | |
| DAVOL INC., a Rhode Island corporation; C. R. BARD, INC., a New Jersey corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ANSWER AND AFFIRMATIVE DEFENSES OF C.R. BARD, INC. AND DAVOL INC.</u>**

Defendant C.R. Bard, Inc. ("Bard") and Davol Inc. ("Davol"), by and through its counsel, answers the plaintiff's Complaint (the "Complaint") as follows:

**<u>NATURE OF ACTION</u>**

1. Bard admits that at various times its subsidiary Davol designed, manufactured, produced, and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations, Bard and Davol deny the allegations.

**PARTIES**

2. Paragraph 2 of the Complaint contains allegations regarding parties other than Bard and Davol to which no response is required. To the extent that a response is required, Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and therefore deny the same.

3. Davol admits that it is a subsidiary of Bard with its principal place of business at 100 Sockanosset Crossroad, P.O. Box 8500, Cranston, Rhode Island 02920. Davol further admits that at various times it produced, sold, and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information within the United States, including the State of New Jersey. As to the remaining allegations, Davol lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and therefore denies those remaining allegations.

4. Bard admits that it is a registered New Jersey corporation with its principal place of business at 730 Central Avenue, Murray Hill, New Jersey 07974. Bard further admits that Davol, a subsidiary of Bard, at various times manufactured and distributed the Composix® Kugel® Hernia Patch for use in accordance with its accompanying labeling information. As to the remaining allegations, Bard lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and therefore denies those remaining allegations.

**FACTS**

5. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 5 and therefore deny the allegation.

6. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 6 and therefore deny the allegation.

7. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 7 and therefore deny the allegation.

8. Bard and Davol state that on December 22, 2005, a limited voluntary recall of extra-large oval Composix® Kugel® Hernia Patches was initiated. Bard and Davol further state these products have since been returned to the market with approval of the Food and Drug Administration. As to the remaining allegations, Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 and therefore deny the allegations.

9. Bard and Davol state that on December 27, 2005 customers, health care institutions, and medical practitioners were advised of the limited voluntary recall referenced in the response to Paragraph 8.

10. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 10 and therefore deny the allegation.

11. Bard and Davol admit that on March 24, 2006, customers, health care institutions, and medical practitioners were sent a supplemental letter to previously-issued letters in December 2005, January 2006, and March 2006 advising them of the voluntary recall of additional larger-sized Composix® Kugel® Hernia Patches.

12. Bard and Davol deny the allegation as phrased. Bard and Davol state that the voluntary recall of the certain larger-sized Composix® Kugel® Hernia Patches was completed on March 24, 2006 and not March 31, 2006 as alleged in paragraph 12. Bard and Davol further state that the voluntary recall only encompassed a limited range of larger-sized Composix® Kugel® Hernia Patches and not "all" Composix® Kugel® Hernia Patches as alleged in Paragraph 12.

13. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 and therefore deny the allegations.

14. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 and therefore deny the allegations.

15. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 and therefore deny the allegations.

16. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 and therefore deny the allegations.

17. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 and therefore deny the allegations.

18. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 and therefore deny the allegations.

**COUNT I – NEGLIGENCE**

19. In response to Paragraph 19 of the Complaint, Bard and Davol incorporate by reference its responses to the allegations in all preceding paragraphs of the Complaint.

20. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

21. The allegations in Paragraph 21 and its subparts (a) through (c) are conclusions of law and no answer is required; to the extent an answer is required, Bard and Davol deny those allegations.

22. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

23. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

**COUNT II – NEGLIGENCE *PER SE***

24. In response to Paragraph 24 of the Complaint, Bard and Davol incorporate by reference its responses to the allegations in all preceding paragraphs of the Complaint.

25. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

26. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

27. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

**COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

28. In response to Paragraph 28 of the Complaint, Bard and Davol incorporate by reference its responses to the allegations in all preceding paragraphs of the Complaint.

29. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

30. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

31. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

**COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

32. In response to Paragraph 32 of the Complaint, Bard and Davol incorporate by reference its responses to the allegations in all preceding paragraphs of the Complaint.

33. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

34. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

35. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

**COUNT V – VIOLATION OF NEW JERSEY'S CONSUMER FRAUD ACT**
***(N.J. Stat. Ann. § 56:8-1 et. seq.)***

36. In response to Paragraph 36 of the Complaint, Bard and Davol incorporate by reference its responses to the allegations in all preceding paragraphs of the Complaint.

37. Bard and Davol state that the New Jersey Consumer Fraud Act does not apply to plaintiff's claims. As to the remaining allegations, this paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

38. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph. Bard and Davol further state that the New Jersey Consumer Fraud Act does not apply to plaintiff's claims.

39. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph. Bard and Davol further state that the New Jersey Consumer Fraud Act does not apply to plaintiff's claims.

40. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph. Bard and Davol further state that the New Jersey Consumer Fraud Act does not apply to plaintiff's claims.

41. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph. Bard and Davol further state that the New Jersey Consumer Fraud Act does not apply to plaintiff's claims.

42. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph. Bard and Davol further state that the New Jersey Consumer Fraud Act does not apply to plaintiff's claims.

43. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph. Bard and Davol further state that the New Jersey Consumer Fraud Act does not apply to plaintiff's claims.

44. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph. Bard and Davol further state that the New Jersey Consumer Fraud Act does not apply to plaintiff's claims.

**COUNT VI – VIOLATION OF NEW JERSEY'S PRODUCTS LIABILITY ACT**
***(N.J. Stat. Ann. § 2A:58C-1; 58C-8)***

45. In response to Paragraph 45 of the Complaint, Bard and Davol incorporate by reference its responses to the allegations in all preceding paragraphs of the Complaint.

46. The allegations in Paragraph 46 and its subparts (a) through (t) are conclusions of law and no answer is required; to the extent an answer is required, Bard and Davol deny those allegations.

47. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

Case 2:06-cv-04786-SDW-MCA Document 3 Filed 10/23/2006 Page 8 of 14

**COUNT VI – PUNITIVE DAMAGES UNDER THE NEW JERSEY PUNITIVE DAMAGES ACT**
***(N.J.S.A. § 2A:15-5.9; § 2A:15-5.12)***

48. In response to Paragraph 48 of the Complaint, Bard and Davol incorporate by reference its responses to the allegations in all preceding paragraphs of the Complaint.

49. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph. Bard and Davol further state federal law preempts the New Jersey Punitive Damages Act.

50. The allegations in Paragraph 50 and its subparts (a) and (b) are conclusions of law and no answer is required; to the extent an answer is required, Bard and Davol deny those allegations. Bard and Davol further state federal law preempts the New Jersey Punitive Damages Act.

51. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph. Bard and Davol further state federal law preempts the New Jersey Punitive Damages Act.

52. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph. Bard and Davol further state federal law preempts the New Jersey Punitive Damages Act.

53. Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

**SEPARATE DEFENSES**

1. The Complaint, in whole or part, fails to state a claim or cause of action against Bard and Davol upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar plaintiff's claims against Bard and Davol in whole or in part.

3. The doctrine(s) contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar plaintiff's claims against Bard and Davol in whole or in part.

4. Plaintiff's Complaint should be dismissed under the doctrine of *forum non conveniens.*

5. Applicable statutes of limitations, statutes of repose, and the doctrine of laches bar plaintiff's claims in whole or in part.

6. Plaintiff's, or her agents', including her physicians, misuse or abnormal use of the product or failure to follow instructions bar the plaintiff's claims in whole or in part.

7. If plaintiff used a product sold by Bard or Davol, then plaintiff's claims are barred, in whole or in part, because plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

8. Any alleged negligent or culpable conduct of Bard and Davol, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

9. Plaintiff is responsible, in whole or in part, for any injuries he suffered as a result of her own negligence and her acts or omissions and therefore plaintiff's right to recover is diminished in an amount based upon her individual relative degree of fault.

10. If plaintiff used a product sold by Bard or Davol, plaintiff used the product for off-label purposes, which bars the plaintiff's claims.

11. The learned intermediary doctrine bars plaintiff's claims.

12. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions

and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

13. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

14. Plaintiff's claims are preempted, in whole or in part, by applicable federal law.

15. Plaintiff's claims are subsumed, in whole or in part, by applicable state law.

16. The laws of one or more jurisdictions other than New Jersey apply to plaintiff's claims in whole or in part.

17. Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

18. If plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Bard and Davol are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Bard or Davol. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injury or damages.

19. Plaintiff's claims are barred, in whole or in part, because plaintiff's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of plaintiff's own idiosyncratic reactions.

20. Plaintiff failed to mitigate, which limits plaintiff's damages, if any, in whole or in part.

21. Bard and Davol have no legal relationship or privity with plaintiff and owe no duty to plaintiff by which liability could be attributed to it.

22. Bard and Davol made no warranties of any kind, express or implied, or any representations of any nature whatsoever to plaintiff. If any such warranties were made, whether express or implied, which Bard and Davol specifically deny, then plaintiff failed to give notice of any breach thereof. Moreover, Bard and Davol effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

23. Plaintiff's causes of action are barred in whole or in part by plaintiff's own comparative/contributory negligence.

24. Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff received from collateral sources.

25. If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Bard or Davol product.

26. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Bard or Davol, there was no defect in said product that either caused or contributed to any injuries or damages that plaintiff may have suffered, if any.

27. The New Jersey Consumer Fraud Act does not apply to plaintiff's claims.

28. To the extent plaintiff's Complaint seeks punitive damages, such claims are barred because such an award would violate Bard's and Davol's due process, equal protection and other rights under the United States Constitution, the New Jersey Constitution, and any other applicable law.

29. To the extent plaintiff's Complaint seeks punitive damages, such claims are barred because plaintiff has failed to allege conduct warranting the imposition of punitive damages under the New Jersey Punitive Damages Act and/or other applicable laws.

30. To the extent plaintiff's Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

31. Bard and Davol hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves their right to amend this Answer to assert such defenses.

**WHEREFORE,** Defendants C.R. Bard, Inc. and Davol Inc. demand judgment in their favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering defendants hereby demand a trial by jury as to all issues.

Date: October 23, 2006

Respectfully submitted,

David J. Cooner

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444
(973) 297-3960 (fax)

Of Counsel:

Kirby T. Griffis
Dana Alan Gausepohl
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

Attorneys for Defendants
C.R. BARD, INC. and DAVOL INC.

**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444
**-and-**
**SPRIGGS & HOLLINGSWORTH**
1350 I Street, N.W., Ninth Floor
Washington, DC 20005
(202) 898-5800

*Attorneys for Defendants*
*C.R. Bard, Inc. and Davol Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JENINE VON ESSEN, Plaintiff, | ) | |
| v. | ) | No. 2:06-cv-04786-SDW-MCA |
| DAVOL INC., a Rhode Island corporation; C. R. BARD, INC., a New Jersey corporation, Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2006, the foregoing Answer and Affirmative Defenses was filed electronically and served upon the following counsel via first-class mail, in accordance with the Rules of Court.

Derek T. Braslow, Esq.
Pogust & Braslow, LLC
161 Washington Street, Suite 1520
Conshohocken, PA 19428

James H. Knight