**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **JENINE VON ESSEN,** <br><br> **Plaintiff,** <br><br> **vs.** <br><br> **DAVOL INC.,** <br> **a Rhode Island Corporation;** <br> **C.R. BARD, INC.,** <br> **a New Jersey Corporation;** <br><br> **Defendants.** | ) | **NO.: 06-cv-04786-SDW-MCA** |

**PLAINTIFF'S MOTION TO REMAND**

Plaintiff, Jenine Von Essen by and through her undersigned counsel, respectfully submits this Motion for Remand to the Superior Court of New Jersey, Union County, and Memorandum in Support thereof, and states as follows:

1. On September 11, 2006, Jenine Von Essen, filed product liability claims against Defendants Davol, Inc. and C.R. Bard, Inc. (hereafter referred to collectively as "Defendants"), for harms suffered as the result of a defective Composix Kugel Mesh Patch (hereinafter "Patch").

2. Plaintiff also asserted claims for punitive damages as set forth in New Jersey's Product Liability Act, N.J.S.A. § 2A:58C-5(c).

3. Defendants removed the matter to this Court on October 2, 2006 urging that Plaintiff's claims for punitive damages under N.J.S.A. § 2A:58C-5(c), raises a substantial federal question.

4. The Supreme Court has established certain criteria in determining whether federal question jurisdiction exists in a particular case. As set forth in *Gully v. First*

*National Bank*, 299 U.S. 109, 112 (1936), a federal right or immunity creates a federal question only where it is "an element, and an essential one, of the plaintiff's cause of action." Additionally, "the mere implication or existence of federal law does not automatically confer federal questions jurisdiction." *Airco Indus. Gases, Inc., v. Teamsters Health & Welfare Pension Fund*, 850 F.2d 1028, 1033 (3d. Cir. 1988) (emphasis added).

5. Federal removal statutes are to be strictly construed and all doubts regarding removal are to be resolved in favor of remand. *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d. Cir. 1990), *cert denied* 498 U.S. 1085 (1991) (citations omitted) (emphasis added). When removal is challenged through a motion to remand, the removing party bears the burden of establishing that federal subject matter jurisdiction exist so that removal is proper. *Shapiro,* at 1031 (citing *Batoff v. State Farm Ins. Co.*, 977 F. 2d 848, 851 (3d Cir. 1992)).

6. In order for a case to be removable under 28 U.S.C. §§ 1331 and 1441, the well-pleaded complaint rule "requires that the federal question be properly presented on the face of the plaintiff's properly pleaded complaint." *Krashna v. Oliver Realty, Inc.*, 895 F.2d 111, 113 (3d Cir. 1990). In the case *sub judice*, there is nothing in Plaintiff's well-pleaded complaint that states an explicit claim based on federal law.

7. A plain reading of Plaintiff's Complaint, specifically her claim for punitive damages, clearly indicates that she does not seek relief under the Federal Food, Drug and Cosmetic Act (hereinafter "FDCA"), 21 U.S.C. § 321 *et. seq.*; the Medical Device Amendments of 1976, which amended the FDCA, 21 U.S.C. 360-360rr (hereinafter "MDA"); or any other federal statute.

8. Defensive preemption cannot serve as a basis for federal question subject matter jurisdiction. *Township of Greenwich v. Mobil Oil Corporation*, 504 F. Supp. 1275, 1277 (D. N.J. 1981) (citing *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914)).

9. This Court has refused to extend federal question jurisdiction based upon defensive preemption involving both the FDCA and the MDA. *See e.g. Dawson v. Ciba-Geigy Corp.*, 145 F.Supp. 2d 565 (D.N.J. 2001) (granting plaintiff's motion to remand after determining that complaint did not rely upon federal law, namely the FDCA) and *Collins v. Baxter Healthcare Corp.*, 949 F. Supp. 1143 (D.N.J. 1996) (granting plaintiff's motion to remand where plaintiff's were not seeking relief under the MDA, rather were using "the federal requirements as evidence of a standard of care").

10. There is no "Complete Preemption" exception. This Court has ruled that complete preemption is not found under the FDCA nor the MDA. See *Dawson v. Ciba-Geigy Corp.*, 145 F.Supp. 2d 565 (D.N.J. 2001); *Collins v. Baxter Healthcare Corp.*, 949 F. Supp. 1143 (D.N.J. 1996).

11. Additionally, Defendants have failed to demonstrate the necessary factors as set forth under *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg*, 545 U.S. 308 (2005), specifically, existence of a federal issue actually disputed or that removal would not disturb the balance of federal and state judicial responsibilities.

12. The elements of New Jersey's punitive damages law, N.J.S.A. § 2A:58C-5(c), do not invoke federal question jurisdiction. Before a New Jersey court may impose punitive damages, N.J.S.A. 2A:58C-5, requires not only an assessment of whether information was withheld under the FDA's regulations, the statute also requires a judicial

determination concerning malice, materiality, causation, and relevance, all discreet findings that have no anchor to federal law.

13. In conclusion, Plaintiff accordingly requests this Honorable Court grant her Motion to Remand.

BY: [signature]

Harris L. Pogust, Esquire
Derek T. Braslow, Esquire
Robert N. Wilkey, Esquire
POGUST & BRASLOW, LLC
Eight Tower Bridge
161 Washington Street, Suite 1520
Conshohocken, PA 19428

**Attorneys for Plaintiff**

**Dated: October 31, 2006**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **JENINE VON ESSEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **NO.: 06-cv-04786-SDW-MCA** |
| | ) | |
| **DAVOL INC.,** | ) | |
| **a Rhode Island Corporation;** | ) | |
| **C.R. BARD, INC.,** | ) | |
| **a New Jersey Corporation;** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**PROPOSED ORDER**

AND NOW, this _______ day of ________, 2006, in consideration of Plaintiff's Motion To Remand and Memorandum in Support thereof, and any response thereto, it is hereby ordered that such Motion is GRANTED.

_______________________________
**J. Madeline C. Arleo**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**CERTIFICATE OF SERVICE**

I, Sharon Tolton, Paralegal, hereby certify that on October 31, 2006, I electronically filed a true and correct copy of the foregoing Plaintiff's Motion to Remand and Plaintiff's Memorandum in Support of her Motion to Remand on behalf of the Plaintiff upon counsel listed below:

- David J. Cooner, Esquire: dcooner@mccarter.com

**Dated: October 31, 2006**

**By:** Sharon Tolton
Sharon Tolton/ Paralegal
**Robert N. Wilkey, Esquire**
**POGUST & BRASLOW, LLC**
161 Washington Street, Suite 1520
Conshohocken, PA 19428
Telephone: (610) 941-4204
Facsimile: (610) 941-4245
**For the Plaintiff, Jenine Von Essen**