**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444
**-and-**
**SPRIGGS & HOLLINGSWORTH**
1350 I Street, N.W., Ninth Floor
Washington, DC 20005
(202) 898-5800

*Attorneys for Defendants*
*C.R. Bard, Inc. and Davol Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JENINE VON ESSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:06-cv-04786-SDW-MCA |
| | ) | |
| DAVOL INC., a Rhode Island corporation; | ) | Motion Date: December 11, 2006 |
| C. R. BARD, INC., a New Jersey corporation, | ) | Hearing Date: December 11, 2006 |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

For the reasons set forth below and as discussed more thoroughly in their Memorandum in Support, C.R. Bard, Inc. and Davol Inc. ("Davol") hereby request that plaintiff's Motion to Remand be denied.

1. Plaintiff has brought a product liability suit seeking compensatory and punitive damages for alleged harm stemming from the implantation of a federally-approved prescription medical device known as the Composix® Kugel® Hernia Patch.

2. Plaintiff's invocation of New Jersey's Punitive Damages Act, N.J.S.A. § 2A:58C-5(c), raises an actually disputed substantial question of federal law as New Jersey law requires

plaintiff to establish that Davol committed fraud-on-the-FDA prior to any award of punitive damages.

3. *Buckman Co. v. Plaintiffs' Law Committee* establishes that federal law preempts a state law requiring a finding of fraud-on-the-FDA requirement. 531 U.S. 341 (2001); *see also Kobar v. Novartis Corp.*, 378 F. Supp. 2d 1166, 1171-72 (N.D. Ariz. 2005) (in case involving an Arizona statute barring punitives against a pharmaceutical manufacturer, holding that plaintiffs' invocation of an exception to bar on punitives based on alleged knowing withholding of information from or misrepresenting information to the FDA triggers *Buckman* preemption).

4. In sharp contrast to plaintiff's narrow construction of federal question jurisdiction, *Grable & Sons Metal Prods., Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), makes clear that "federal question jurisdiction will lie over state-law claims that implicate significant federal issues." *Id.* at 312; *see also Municipality of San Juan v. Corporacion Para El Fomento Economico De La Ciudad Capital*, 415 F.3d 145 (1st Cir. 2005) (finding jurisdiction under *Grable* where propriety of defendant's conduct under state law "turn[ed] entirely on its adherence to the intricate and detailed set of federal regulatory requirements and the funds at issue [were] federal monies"); *Broder v. Cablevision Systems Corp.*, 418 F.3d 187 (2d Cir. 2005) (finding jurisdiction under *Grable* where state law claims required court to decide whether defendants violated Communications Act of 1934); *Nicodemus v. Union Pacific Corp.*, 440 F.3d 1227 (10th Cir. 2006) (finding jurisdiction under *Grable* where state law claims required court to construe National Trails System Act); *In re Zyprexa Products Liability Litigation*, 375 F. Supp. 2d 170 (E.D.N.Y. 2005) (finding jurisdiction under *Grable* where state law claims alleged pharmaceutical company improperly promoted drugs for off-label use in violation of the FDCA and its implementing regulations).

5. The issue of application of *Buckman* preemption implicates significant federal issues as defined by the United States Supreme Court in *Grable*, 545 U.S. at 311-12. As discussed in Davol's Memorandum in Support, each prong of the *Grable* test is met in this case.

6. The defendants' removal does not, as plaintiff says it does, rely on "complete" preemption, but on the fact that plaintiff's claim for punitive damages necessarily requires her to prove an essential element that is "inherently federal in character." *Buckman*, 531 U.S. 341 at 347, 353.

7. Contrary to plaintiff's argument, this case does not involve defensive preemption, which arises when preemption is a *defense* to a cause of action. Here, plaintiff's claim for punitive damages relief requires her to offer proofs which the United States Supreme Court, and multiple federal courts, have held threatens the balance between federal and state jurisdiction and which requires preemption.

WHEREFORE, for the reasons outlined above and in the accompanying Memorandum in Support, C.R. Bard, Inc. and Davol Inc. asks that plaintiff's Motion to Remand be denied.

Date: November 27, 2006

Respectfully submitted,

David Cooner

David J. Cooner

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444
(973) 297-3960 (fax)

Of Counsel:

Kirby T. Griffis
Dana Alan Gausepohl
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

Attorneys for Defendants
C.R. BARD, INC. and DAVOL INC.

**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444
**-and-**
**SPRIGGS & HOLLINGSWORTH**
1350 I Street, N.W., Ninth Floor
Washington, DC 20005
(202) 898-5800

*Attorneys for Defendants*
*C.R. Bard, Inc. and Davol Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JENINE VON ESSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:06-cv-04786-SDW-MCA |
| | ) | |
| DAVOL INC., a Rhode Island corporation; | ) | Motion Date: December 11, 2006 |
| C. R. BARD, INC., a New Jersey corporation, | ) | Hearing Date: December 11, 2006 |
| | ) | |
| Defendants. | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on November 27, 2006, the foregoing Opposition to Plaintiff's Motion to Remand was served upon the following counsel via first-class mail, in accordance with the New Jersey Rules of Court.

Derek T. Braslow, Esq.
Pogust & Braslow, LLC
161 Washington Street, Suite 1520
Conshohocken, PA 19428

David Cooner

David J. Cooner