**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444
**-and-**
**SPRIGGS & HOLLINGSWORTH**
1350 I Street, N.W., Ninth Floor
Washington, DC 20005
(202) 898-5800

*Attorneys for Defendants*
*C.R. Bard, Inc. and Davol Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JENINE VON ESSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:06-cv-04786-SDW-MCA |
| | ) | |
| DAVOL INC., a Rhode Island corporation; | ) | Motion Date: December 11, 2006 |
| C. R. BARD, INC., a New Jersey corporation, | ) | Hearing Date: December 11, 2006 |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

**DATE: November 27, 2006**

## TABLE OF CONTENTS

**Page**

I. The United States Supreme Court Has Expressly Rejected Plaintiff's Narrow Interpretation of 28 U.S.C. § 1441(b). ......2

II. Plaintiff's Punitive Damages Cause of Action Raises a Substantial Federal Question Necessitating Redress in This Court. ......4

A. New Jersey's Punitive Damages Act Necessarily Raises a Stated Federal Issue. ......6

B. There Exists an Actually Disputed Question As To Whether *Buckman*'s Holding Preempts Plaintiff's Claim Under the New Jersey Punitive Damages Act. ......9

C. The Federal Issue Embedded in Plaintiff's State-Law Claim is Substantial. ......11

D. Exercising Federal Question Jurisdiction Does Not Disrupt the Congressionally Approved Balance of Federal and State Judicial Responsibilities. ......12

III. Defensive Preemption Is Not An Issue In This Case ......13

IV. Conclusion ......13

# TABLE OF AUTHORITIES

**Page(s)**

Cases

*84 Lumber Co. v. MRK Technologies, Ltd.*, 145 F. Supp. 2d 675 (E.D. Pa. 2001) ........ 9

*Broder v. Cablevision Systems Corp.*, 418 F.3d 187 (2d Cir. 2005) ........ 3

*Buckman Co. v. Plaintiffs' Law Committee*, 531 U.S. 341 (2001) ........ *passim*

*Cona v. Merck & Co., Inc.*, No. ATL-L-3553-5MT
(Superior Court for Atlantic County Apr. 6, 2006) ........ 10

*Desiano v. Warner-Lambert & Co.*, 467 F.3d 85 (2d Cir. 2006) ........ 8, 11

*Franchise Tax Board v. Construction Laborers Vacation* Trust, 463 U.S. 1 (1983) ........ 5, 6

*Garcia v. Wyeth-Ayerst Labs.*, 385 F.3d 961 (6th Cir. 2004) ........ 8, 11

*General Electric v. New Mexico*, 335 F. Supp. 2d 1157 (D.N.M. 2003) ........ 9

*Grable & Sons Metal Prods., Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005)
........ *passim*

*Henderson v. Merck & Co., Inc.*, No. 04-CV-05987-LDD,
2005 WL 2600220 (E.D. Pa. Oct. 11, 2005) ........ 8

*In re Zyprexa Products Liability Litigation*,
375 F. Supp. 2d 170 (E.D.N.Y. 2005) ........ 3

*Kobar v. Novartis Corp.*, 378 F. Supp. 2d 1166 (N.D. Ariz. 2005) ........ 2, 7, 8, 12

*Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804 (1986) ........ 11

*Municipality of San Juan v. Corporacion Para El Fomento Economico De La Ciudad Capital*, 415 F.3d 145 (1st Cir. 2005) ........ 3

*Nicodemus v. Union Pacific Corp.*, 440 F.3d 1227 (10th Cir. 2006) ........ 3

*Pennsylvania v. Tap Pharmaceutical Products, Inc.*,
415 F. Supp. 2d 516 (E.D. Pa 2005) ........ 5

*Smith v. Kansas City Title & Trust Co.*, 241 U.S. 257 (1916) ........ 4

*Stechler v. Sidley Austin Brown & Wood, LLP*,
No. Civ. A. 05-3485 (HAA), 2006 WL 90916 (D.N.J. Jan. 13, 2006) ........ 5

*Township of Greenwich v. Mobil Oil Corp.*, 504 F. Supp. 1275 (D.N.J. 1981) .......................... 13

Statutes

21 C.F.R. § 803.52 .......................... 9

21 C.F.R. § 807.93 .......................... 9

28 U.S.C. § 1331 .......................... 2, 11, 13

28 U.S.C. § 1441(b) .......................... 2

N.J.S.A. § 2A:58C-5(c) .......................... 1, 4, 5, 6, 12

**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444
**-and-**
**SPRIGGS & HOLLINGSWORTH**
1350 I Street, N.W., Ninth Floor
Washington, DC 20005
(202) 898-5800

*Attorneys for Defendants*
*C.R. Bard, Inc. and Davol Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JENINE VON ESSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:06-cv-04786-SDW-MCA |
| | ) | |
| DAVOL INC., a Rhode Island corporation; | ) | Motion Date: December 11, 2006 |
| C. R. BARD, INC., a New Jersey corporation, | ) | Hearing Date: December 11, 2006 |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Plaintiff has brought this product liability suit seeking compensatory and punitive damages for alleged harm stemming from the implantation of a federally-approved prescription medical device known as the Composix® Kugel® Hernia Patch. Plaintiff's invocation of New Jersey's Punitive Damages Act[1] raises an actually disputed substantial question of federal law.

[1] N.J.S.A. § 2A:58C-5(c).

Namely, plaintiff contends, as she must in order to be entitled to punitive damages, that Davol knowingly withheld material information from, or misrepresented material information to, the FDA. But state-law claims that a defendant misrepresented information to the FDA are preempted – raising substantial federal issues – as established by the United States Supreme Court's decision in *Buckman Co. v. Plaintiffs' Law Committee*, 531 U.S. 341, 348 (2001); *see also Kobar v Novartis Corp.*, 378 F. Supp. 2d 1166, 1171-72 (N.D. Ariz. 2005) (in a case involving an Arizona statute barring punitives against a pharmaceutical manufacturer, holding that plaintiffs' invocation of an exception to bar on punitives based on alleged knowing withholding of information from or misrepresenting information to the FDA triggers *Buckman* preemption). As the United States Supreme Court recently decided in *Grable & Sons Metal Prods., Inc. v. Darue Engineering & Manufacturing*, when a substantial federal issue such as the one here is raised then "arising under" jurisdiction follows.[2] 545 U.S. 308, 311-12 (2005).

## I. The United States Supreme Court Has Expressly Rejected Plaintiff's Narrow Interpretation of 28 U.S.C. § 1441(b).

Title 28 U.S.C. § 1441(b) provides in relevant part: "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable . . . ." *Id.* Under the United States Supreme Court's recent decision in *Grable*, this case falls within this Court's original "arising under" federal question jurisdiction under 28 U.S.C. § 1331. 545 U.S. at 311-12, 316.

In sharp contrast to the narrow construction offered by plaintiff, *Grable* makes clear that "federal question jurisdiction will lie over state-law claims that implicate significant federal issues." *Id.* at 312. "[A] federal court ought to be able to hear claims recognized under state law

[2] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, law or treaties of the United States." 28 U.S.C. § 1331.

that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id.* This is particularly the case where, as here, the federal government "has a direct interest in the availability of a federal forum to vindicate its own administrative action." *Id.* at 315. *Grable* explains that there is no " 'single, precise, all-embracing' test for jurisdiction over federal issues embedded in state law claims." *Id.* at 314. Rather, courts should analyze a case against the following jurisdictional question:

> [D]oes a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities[?]

*Id.* at 314.

Following *Grable*, numerous federal courts have acknowledged this broader scope of "arising under" federal question jurisdiction and retained jurisdiction over state law claims that turn on disputed issues arising under federal statutes or complex federal regulatory schemes. *See, e.g.*, *Municipality of San Juan v. Corporacion Para El Fomento Economico De La Ciudad Capital*, 415 F.3d 145 (1st Cir. 2005) (finding jurisdiction under *Grable* where propriety of defendant's conduct under state law "turn[ed] entirely on its adherence to the intricate and detailed set of federal regulatory requirements and the funds at issue [were] federal monies"); *Broder v. Cablevision Systems Corp.*, 418 F.3d 187 (2d Cir. 2005) (finding jurisdiction under *Grable* where state law claims required court to decide whether defendants violated Communications Act of 1934); *Nicodemus v. Union Pacific Corp.*, 440 F.3d 1227 (10th Cir. 2006) (finding jurisdiction under *Grable* where state law claims required court to construe National Trails System Act); *In re Zyprexa Products Liability Litigation*, 375 F. Supp. 2d 170 (E.D.N.Y. 2005) (finding jurisdiction under *Grable* where state law claims alleged

pharmaceutical company improperly promoted drugs for off-label use in violation of the FDCA and its implementing regulations).

Thus, *Grable* and its progeny reaffirm the historical breadth of "arising under" jurisdiction articulated as far back as *Smith v. Kansas City Title & Trust Co.*, 241 U.S. 257 (1916): "The general rule . . . that, where it appears from the [complaint] that the right to relief depends upon the construction or application of the Constitution or laws of the United States, and that such federal claim is not merely colorable, and rests upon a reasonable foundation, the District Court has jurisdiction . . . ." Under *Grable*, "arising under" removal jurisdiction exists so long as there is a substantial federal issue that is actually disputed and necessary to the resolution of plaintiff's claims. As shown below, plaintiff's punitive damages claim qualifies this case for removal.

## II. Plaintiff's Punitive Damages Cause of Action Raises a Substantial Federal Question Necessitating Redress in This Court.

In 1987, the New Jersey Legislature enacted a statute that sharply limits the ability of plaintiffs to recover punitive damages against medical device (and pharmaceutical) companies. The basic rule is that punitive damages may not be awarded for injuries allegedly related to FDA-approved devices. N.J.S.A. § 2A:58C-5(c) ("Punitive damages *shall not be awarded* if a drug or device . . . was subject to premarket approval or licensure by the federal Food and Drug Administration under the "Federal Food, Drug, and Cosmetic Act" . . . and was approved or licensed [by the FDA].").[3] *Id.* (emphasis added). Under the act, plaintiff may recover punitive damages only under the exceptional circumstance that "the product manufacturer *knowingly withheld or misrepresented* information [from/to the FDA that was] required to be submitted

[3] There is no dispute that the Composix® Kugel® Hernia Patch has been legally marketed and sold pursuant to applicable federal regulations.

under the agency's regulations." *Id.* (emphasis added). Plaintiff chose to invoke this exception in her Complaint, *see* ¶ 50,[4] but now contends that in so doing she has not subjected herself to federal jurisdiction because she has not explicitly pleaded a federal cause of action. *See* Mem. at 6-7 (arguing that remand is required because "there is no federal question presented on the face of plaintiff's complaint"). But that is not the standard. Rather, as *Grable* instructs, "a state-law claim could give rise to federal-question jurisdiction so long as it 'appears from the [complaint] that the right to relief depends upon the construction or application of [federal law].'" 545 U.S. at 313.[5] It has been "recognized for nearly 100 years that in certain cases federal question jurisdiction will lie over state-law claims that implicate significant federal issues." *Id.* at 312. This "doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law . . . ." *Id.* Accordingly, in response to the question presented earlier, plaintiff in invoking an exception to the general bar on punitive damages against medical device manufactures under the New Jersey Punitive Damages Act has "necessarily raise[d] a stated federal issue, actually

[4] Plaintiffs do not dispute that their entitlement to punitive damages rests on the assertion that Bard and/or Davol knowingly withheld or misrepresented material information to the FDA. *See* Mem. in Support of Motion to Remand at 16.

[5] *See also Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 13 (1983) ("[e]ven though state law creates [plaintiff's] causes of action, [her] case might still 'arise under' the laws of the United States if a well-pleaded complaint established that [her] right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties."); *Pennsylvania v. Tap Pharmaceutical Products, Inc.*, 415 F. Supp. 2d 516, 523 (E.D. Pa 2005) ("the issue of federal-question jurisdiction does not end with a facial review of the complaint."). Plaintiff concedes as much in her Motion to Remand: "Federal question jurisdiction arises where a 'well-pleaded complaint establishes *either* that federal law creates the cause of action or *that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law*.'" Mem. at 4 (emphasis added) (citing *Stechler v. Sidley Austin Brown & Wood, LLP*, No. Civ. A. 05-3485 (HAA), 2006 WL 90916, at 4 (D.N.J. Jan. 13, 2006)).

disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."[6] *Id.* at 314.

### A. New Jersey's Punitive Damages Act Necessarily Raises a Stated Federal Issue.

The first prong of the *Grable* test for federal question jurisdiction is that the state-law claim in question must "necessarily raise a stated federal issue." *Id.* Put differently, the right to relief sought must necessarily depend on federal law. *See Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 19-20 (1983).

Here, plaintiff's claim for entitlement to punitive damages notwithstanding New Jersey's general bar on such damages for FDA-approved products requires her to demonstrate that the defendants knowingly misrepresented or withheld material information from the FDA. Her claim for punitive damages thus necessarily depends upon her ability to establish fraud on the FDA, a claim that the United States Supreme Court has explained "exist[s] solely by virtue of the FDCA disclosure requirements" and is "inherently federal in character." *Buckman*, 531 U.S. at 353, 347. Contrary to plaintiff's claims in her motion for remand, the defendants here are not asserting jurisdiction based upon a federal law defense; rather, federal law is an essential prerequisite to plaintiff's punitive damages claim.[7] As in *Grable*, whether the defendants committed fraud-on-the-FDA "within the meaning of the federal statute is . . . an essential

[6] The defendants' removal does not, as plaintiff says it does, rely on "complete" preemption, but on the fact – elaborated below – that plaintiff's claim for punitive damages necessarily requires her to prove an essential element that is "inherently federal in character." *Buckman*, 531 U.S. 341 at 347, 353.

[7] Plaintiff's remand papers seemingly recognizes this fact as well: "[A]lthough N.J.S.A. 2A:58-5(c), *requires an assessment of information withheld under the FDA's regulations* before punitive damages, the statute *also* requires a judicial determination concerning malice, materiality, causation, and relevance, all *discreet findings that have no anchor to federal law*." Mem. at 16 (emphasis added).

element of the [punitive damages] claim, and the meaning of the federal statute is actually in dispute." *Grable*, 545 U.S. at 315.

In *Buckman*, the United States Supreme Court held that a claim that a defendant knowingly misrepresented information to the FDA was "inherently federal in character because the relationship [between FDA and a manufacturer] originates from, is governed by, and terminates according to federal law." 531 U.S. at 345-46. The Court rejected plaintiffs' argument that their claims sounded solely in state tort law: "were plaintiffs to maintain their fraud-on-the-agency claims here, they would not be relying on traditional state tort law which had predated the federal enactments in questions. On the contrary, the existence of these federal enactments is a critical element in their case." *Id.* at 353. As the Court explained, a manufacturer's "dealings with the FDA [a]re prompted by the [Food, Drug & Cosmetics Act ("FDCA")], and the very subject matter of [the manufacturer's] statements [a]re dictated by that statute's provisions." *Id.* at 347-48. The Court reviewed the numerous provisions in the FDCA by which the federal government polices fraud against the FDA, *id.* at 349, and held that there is "clear evidence that Congress intended that the [FDCA] be enforced exclusively by the Federal Government." *Id.* at 352.

In *Kobar*, the United States District Court for the Northern District of Arizona had before it a state statute that closely parallels that now before this Court. Arizona's punitive damages act immunizes pharmaceutical manufacturers from liability for punitive damages for injuries allegedly associated with FDA-approved products, but provides an exception when plaintiffs show that the manufacturer knowingly withheld information from or misrepresented information to the FDA. *Kobar*, 378 F. Supp. 2d at 1168. The court noted that there was no practical difference between a case, like *Buckman*, where plaintiffs claimed that misrepresentation to the

FDA was a cause of action and the one before it, which "involves a state statute which immunizes drug manufacturers from punitive damages liability *unless* the plaintiff can prove fraud on the FDA." *Id.* at 1172. Requiring a state court to make the needed factual determinations was, the court held, inherently dangerous:

> Both a common law fraud-on-the-FDA claim and an immunity statute that requires a plaintiff to prove fraud on the FDA in order to collect punitive damages places state courts, as finders of fact, in the uncomfortable and difficult position of having to answer the question of what role, if any, the allegedly withheld information would have played in the FDA's complicated approval process. Further, the potentially deleterious effects that could flow from *Buckman* fraud-on-the-FDA claims could also occur in the context of Arizona's immunity law.

*Id.* at 1173. The court thus found the provision to be preempted by federal law. *Id.* at 1174-75.

In a very similar case, the Sixth Circuit Court of Appeals upheld a decision interpreting a Michigan statute which immunizes pharmaceutical and medical device manufacturers from *all* liability, not just punitive damages, allegedly involving FDA-approved products, again providing an exception where the plaintiff proves that information knowingly was misrepresented to or withheld from the FDA. *Garcia v. Wyeth-Ayerst Labs.*, 385 F.3d 961, 966 n.2 (6th Cir. 2004). The Sixth Circuit held that state-court proceedings investigating the factual bases for the invocation of such an exception "would raise the same inter-branch-meddling concerns that animated *Buckman*." *Id.* at 966.[8]

As these cases make evident, for plaintiff to prevail on the punitive damages claim under the New Jersey Punitive Damages Act, she would need to establish that Bard and Davol violated federal law in its disclosures to FDA under the FDCA. Thus, assuming the claim was otherwise

---

[8] *See also Henderson v. Merck & Co., Inc.*, No. 04-CV-05987-LDD, 2005 WL 2600220, at *11 (E.D. Pa. Oct. 11, 2005) (interpreting Michigan statute, following *Garcia* and *Buckman*); *but see Desiano v. Warner-Lambert & Co.*, 467 F.3d 85, 98 (2d Cir. 2006) (finding *Buckman* did not

viable, the court would be required to assess whether Bard and Davol complied with multiple federal regulations which are administered exclusively by the FDA, including 21 C.F.R. § 807.93, which sets forth the detailed statutory requirements of the information and materials that device manufacturers must submit as part of a 510(k) premarket notification and 21 C.F.R. § 803.52, which governs a device manufacturer's disclosure requirements relating to submissions of adverse drug experience reports. There can be no question that plaintiff's "right to relief" on her punitive damages claim "depends on the construction or application of federal law" and that federal jurisdiction thus exists. *Grable*, 545 U.S. at 313; *see also, e.g., General Electric v. New Mexico*, 335 F. Supp. 2d 1157, 1160, 1162, 1184 & n.33 (D.N.M. 2003) (denying motion for remand where plaintiffs state law claims were defined by defendants' obligations under CERCLA); *84 Lumber Co. v. MRK Technologies, Ltd.*, 145 F. Supp. 2d 675, 679 (E.D. Pa. 2001) (denying motion for remand where plaintiff's breach of warranty claim required them to show patent infringement).

### B. There Exists an Actually Disputed Question As To Whether *Buckman*'s Holding Preempts Plaintiff's Claim Under the New Jersey Punitive Damages Act.

"The federal issue in a state-law claim must actually be in dispute to justify federal-question jurisdiction." *Grable*, 545 U.S. at 316 n. 3. Here, there is no question that this prong is satisfied since the parties to this case do actually dispute the preemptive effect *Buckman* has over plaintiff's punitive damages claim. *See* Mem. at 13 (contesting that *Buckman* preempts plaintiff's claim for punitive damages).

In addition to being actually disputed by the parties, this issue requires federal attention due to its inconsistent treatment nationally and by the substantial possibility that a state court

---

preempt claims involving fraud-on-the-FDA exception under Michigan's product liability statute).

may create further inconsistency. As discussed in the preceding section, the Sixth Circuit and the Northern District of Arizona have found *Buckman* preemption in very similar circumstances to this case, and this reasoning has been followed in another federal opinion by the Eastern District of Pennsylvania, but the Second Circuit has held that the statutory exception to manufacturer liability at issue in *Garcia* is not preempted. The only instance known to Bard and Davol in which the preemptive effect of *Buckman* on *New Jersey's* punitive damages statute has been decided by a judge was Judge Higbee's oral ruling in a Vioxx case. In that ruling – which has not been elaborated in a written opinion – Judge Carol Higbee declined to apply *Buckman* to preempt a punitive damages claim under the New Jersey Punitive Damages Act.[9] The need for consistent federal treatment of the important issue of *Buckman* preemption calls for federal jurisdiction of this case.

---

[9] The relevant portion of the transcript follows:

> THE COURT: All right. Well, the motion on preemption is denied. I will be submitting a memorandum of decision in much more detail to you, but basically, I do not believe that Buckman has the broad implications that the defense believes that it does. I think that Buckman was a very unique, unusual case that involved [an] attempt to enforce FDA regulations very specifically, and it was not a decision that really gels with other decisions and certainly doesn't gel with anything that the New Jersey court has upheld, which is that the FDA standards are minimum standards. They exist for punitive damages. They're more than minimum, but for compensatory, and for that they are still -- we have a very specific requirement that I think is an appropriate requirement under the law. And I don't think Buckman changes that.

Transcript of Oral Argument at 4494, *Cona v. Merck & Co., Inc.*, No. ATL-L-3553-5MT (Superior Court for Atlantic County Apr. 6, 2006) (attached as Attachment A).

**C. The Federal Issue Embedded in Plaintiff's State-Law Claim is Substantial.**

In order for a federal issue to serve as a basis for removal pursuant to § 1331, the issue must be substantial. *Grable*, 545 U.S. at 314. Substantiality depends on the nature and importance of the embedded federal issue.[10] Addressing that issue, the United States Supreme Court in *Buckman* has determined that policing assertions that a manufacturer lied to or withheld information from the FDA is a paramount federal interest not capable of being entertained by state courts. *Buckman*, 531 U.S. at 350, 353. In *Desiano*, the Second Circuit held, in determining that it need not defer to the Sixth Circuit's different interpretation of the law, that an exception to liability based on alleged misrepresentations to the FDA "depends on significant issues of federal law including, *inter alia*, the meaning of US Supreme Court precedents, *e.g.*, *Buckman*, and the scope of federal statutes, *e.g.*, FDCA." 467 F.3d at 91. To allow such a claim to be adjudged through a state's tort system would run afoul of the Congressionally created federal agency's police power. *See Buckman*, 531 U.S. at 350 (remarking that subjecting fraud-on-the-FDA claims to state tort systems contravenes Congressional intent).

Here, in order to recover punitive damages plaintiff must establish that Davol violated federal law in misrepresenting or withholding information from the FDA. Doing so however would eviscerate the FDA's ability to police fraudulent conduct under the FDCA.[11] This result is inconsistent with *Buckman*. Thus, whether *Buckman* preemption applies to plaintiff's punitive damages claims present a substantial issue of federal law.

---

[10] *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804 (1986) at 821 n. 1 (Brennan, J., dissenting).

[11] *Id.* at 348 (holding that state-law fraud-on-the-FDA claims conflict with and unduly skew FDA's police powers). *Cf. Garcia*, 385 F.3d at 966 (same).

**D. Exercising Federal Question Jurisdiction Does Not Disrupt the Congressionally Approved Balance of Federal and State Judicial Responsibilities.**

In exercising federal question jurisdiction in this case, this Court will not be affecting the "normal currents of litigation." In *Buckman*, the United States Supreme Court remarked that "[p]olicing fraud against federal agencies is hardly 'a field which the States have traditionally occupied . . . .'"[12] The Court concluded that Congress in providing the FDA with a variety of enforcement options intended to displace state-law fraud claims such as the one brought by plaintiff here.[13] Thus, the United States Supreme Court has already decided the appropriate federal/state balance here.

Moreover, allowing removal would not flood the federal courts with seemingly garden-variety state-law claims since as detailed above Congress has spoken as to the proper division of labor between the federal and state systems and the number of cases affected is not substantial. It should be the rare case where a plaintiff claims to have a factual basis to overturn New Jersey's statutory presumption against punitive damages for an FDA-approved medical device by claiming that that FDA approval was secured by lies or deliberately withheld information. Indeed, the only cases possibly affected by allowing federal question jurisdiction would be medical device or pharmaceutical cases where a plaintiff claimed that the narrow exception to the punitive damages bar under N.J.S.A. § 2A:58C-5(c) applied and where the FDA has not itself already made a finding of fraudulent behavior by the manufacturer.[14] Thus, the finding of

---

[12] *Id.* at 348.

[13] *Id.* at 352 ("[w]e have clear evidence that Congress intended that the [Medical Devices Amendments] be enforced exclusively by the Federal Government.").

[14] *See, e.g., Kobar*, 378 F. Supp. 2d at 1176 (analyzing *Buckman* preemption of a statute identical to New Jersey's and finding preemption and holding that such damages can be recouped if FDA made a finding of fraud).

federal question jurisdiction does not disrupt the balance between federal and state responsibilities.

## III. Defensive Preemption Is Not An Issue In This Case.

Plaintiff argues that defensive preemption cannot serve as a basis for removal under § 1331. This case does not involve defensive preemption, which arises when preemption is a *defense* to a cause of action. Here, plaintiff's claim for punitive damages relief requires her to offer proofs which the United States Supreme Court, and multiple federal courts, have held threatens the balance between federal and state jurisdiction and which requires preemption. It is plaintiff's affirmative proof requirement, not a defense, which triggers the federal analysis. By contrast with *Township of Greenwich v. Mobil Oil Corp.*, 504 F. Supp. 1275 (D.N.J. 1981)[15] the case plaintiff relies upon for the defensive preemption argument, plaintiff here has affirmatively raised fraud on the FDA in her complaint, as a prerequisite to her claim for punitive damages. *Buckman* tells us that that is a federal question.

## IV. Conclusion.

In answer to the question posed in *Grable*, plaintiff's punitive damages claim "necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314. This court accordingly has jurisdiction over this case, and for this reason as well, plaintiff's motion for remand should be denied.

[15] 504 F. Supp. 1275 (D.N.J. 1981).

Date: November 27, 2006

Respectfully submitted,

David J. Cooner

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444
(973) 297-3960 (fax)

Of Counsel:

Kirby T. Griffis
Dana Alan Gausepohl
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

Attorneys for Defendants
C.R. BARD, INC. and DAVOL INC.

**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444
**-and-**
**SPRIGGS & HOLLINGSWORTH**
1350 I Street, N.W., Ninth Floor
Washington, DC 20005
(202) 898-5800

*Attorneys for Defendants*
*C.R. Bard, Inc. and Davol Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JENINE VON ESSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:06-cv-04786-SDW-MCA |
| | ) | |
| DAVOL INC., a Rhode Island corporation; | ) | Motion Date: December 11, 2006 |
| C. R. BARD, INC., a New Jersey corporation, | ) | Hearing Date: December 11, 2006 |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on November 27, 2006, the foregoing Opposition to Plaintiff's Motion to Remand was served upon the following counsel via first-class mail, in accordance with the New Jersey Rules of Court.

Derek T. Braslow, Esq.
Pogust & Braslow, LLC
161 Washington Street, Suite 1520
Conshohocken, PA 19428

David J. Cooner