**Characteristics of Federal Lawsuits Allegedly Involving Composix® Kugel® Patch**

| Federal Action | Patch Model | State Law Causes of Action | Punitives Claim | Ring Break |
|---|---|---|---|---|
| Carter | "Comp. Bard K. Mesh 20.3 x 25.4" = 208 | Negligence, strict liability, implied warranty of merchantability, implied warranty of fitness for a particular purpose, express warranty, *res ipsa loquitur*, breach of contract | No | None claimed |
| Edgar | 207, 208 | Strict liability, product liability – failure to warn, product liability – negligence, implied warranty, express warranty | No | claims patches "failed" |
| Von Essen | Unknown | Negligence, negligence *per se*, intentional infliction of emotional distress, negligent infliction of emotional distress, New Jersey Consumer Fraud Act, New Jersey Product Liability Act | Yes | Ring break claimed |
| J. Wilson | Unknown | Negligence, strict liability, negligent failure to warn | No | "Patch broke or failed" |
| Poston | Unknown | Negligence, strict liability, consortium | No | Ring break not alleged |
| ~~Mathein~~ | ~~Unknown~~ | ~~Strict liability~~ | ~~No~~ | ~~Loose line~~ alleged |
| Luffman | Unknown | Strict liability, negligence, failure to warn, implied warranty | No | Ring break not alleged |
| Hyland | 202 | Deceptive trade practices (N.Y. Gen. Bus. Law), negligence, strict liability implied warranty, express warranty, false advertising, loss of consortium | Yes | Ring break not alleged |
| Katechis | Unknown | Deceptive trade practices (N.Y. Gen. Bus. Law), negligence, strict liability implied warranty, express warranty, false advertising, loss of consortium | Yes | Ring break not alleged |
| Montiel (2 plaintiffs) | Unknown | Rhode Island Deceptive Trade Practices Act | Yes | No ring break |
| Sayler | 202 | Strict liability, implied warranty, deceptive trade practices, loss of consortium | No | Ring break not alleged |
| Hall | 208 | Negligence, strict liability, failure to warn, implied warranty, fraud, consortium | Yes | Ring break not alleged |

RECEIVED
CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
23

**Attachment A**

DAVOL

## IMPORTANT PATIENT MANAGEMENT INFORMATION: Bard® Composix® Kugel Extra Large and Large Sized Patch Class I Recall

**Product Code: 0010202, Bard® Composix® Kugel Large Oval, 5.4" x 7.0"**
**Product Code: 0010204, Bard® Composix® Kugel Large Circle, 4.5"**
**Product Code: 0010206, Bard® Composix® Kugel Extra Large Oval 8.7" x 10.7"**
**Product Code: 0010207, Bard® Composix® Kugel Extra Large Oval 10.8" x 13.7"**
**Product Code: 0010208, Bard® Composix® Kugel Extra Large Oval 7.7" x 9.7"**
**Product Code: 0010209, Bard® Composix® Kugel Oval, 6.3" x 12.3"**

March 24, 2006

Dear Chief of Surgery:

This letter is intended to inform you of the voluntary recall of Bard® Composix® Kugel Extra Large and Large Sized Patches. **Immediately discontinue use of the specific product codes and lot numbers listed below. Additionally, please immediately distribute copies of this Important Patient Management Information to clinicians who may have implanted, or who may be managing, patients already implanted with one of these products under voluntary recall.** This information supplements information contained in the recall letters issued by Davol, a subsidiary of C. R. Bard, Inc. in December 2005 and January 2006 for the Extra Large Patches and March 2006 for the Large Patches.

Additionally, updated product Instructions For Use ("IFU") are included with this letter for those products not subject to this recall. These updated IFUs document the appropriate folding technique to be used for both Open Placement and Laparoscopic Placement for the Large Kugel Patches. Additional copies of these IFUs are available from Davol Customer Service by calling 1-800-531-4124.

**SUMMARY OF THE PRODUCT RECALL COMMUNICATIONS:**
Recall of our Extra Large and Large sized Bard® Composix® Kugel Patches is being conducted because we have identified the potential for PET recoil ring breakage which could potentially lead to patient complications such as abdominal pain, bowel perforation or chronic enteric fistulas. The following products and lot numbers are being recalled:

| [illegible] | [illegible] | [illegible] |
|---|---|---|
| 0010202[1] | Bard® Composix® Kugel Large Oval 5.4" x 7" | 41*L****, 41*M****, 41*N**** 43*L****, 43*M****, 43*N**** |
| 0010204[1] | Bard® Composix® Kugel Large Circle 4.5" | 41*L****, 41*M****, 41*N**** 43*L****, 43*M****, 43*N**** |
| 0010206 | Bard® Composix® Kugel Extra Large Oval 8.7" x 10.7" | All Lot Numbers |
| 0010207 | Bard® Composix® Kugel Extra Large Oval 10.8" x 13.7" | All Lot Numbers |

RECEIVED CLERK'S OFFICE 2007 MAR 20 P 3:23
JUDICIAL PANEL ON

Attachment B

| | | |
|---|---|---|
| 0010208 | Bard® Composix® Kugel Extra Large Oval 7.7" x 9.7" | All Lot Numbers |
| 0010209 | Bard® Composix® Kugel Oval 6.3" x 12.3" | All Lot Numbers |

[1]Note: All 0010202 and 0010204 - product lots, with an "L", "M", or "N" in the fourth position are being recalled. The asterisk indicates a placeholder and any and all characters in these positions are subject to the recall.

**RECOMMENDATIONS:**

We realize that each of your patients is unique and we support your clinical judgment in caring for them. Based on our review of reports received to date and the low incidence of patient injury observed to date, Davol believes that the great majority of patients who received either an Extra Large or Large Sized Bard® Composix® Kugel device subject to recall will be asymptomatic with the device functioning as intended. In such cases the risk of leaving the device in place may be less than the risk posed by removing it.

To further assist physicians in their patient care, Davol offers the following recommendations applicable to patients who have been implanted with one of the recalled devices:

- Identify: patients who have been implanted with one of the recalled devices;
- Communicate: advise patients of this recall and direct them to seek attention immediately if they experience symptoms that could be associated with ring breakage such as unexplained or persistent abdominal pain, fever, tenderness at the implant site or other unusual symptoms;
- Examine: symptomatic patients for conditions that could be associated with recoil ring breakage, including bowel obstruction, perforation or fistula, abdominal wall pain or infection, palpable abdominal wall mass, migration or movement of the ring to the abdominal wall, perineum or intra-abdominal organs;
- Evaluate: your patient's condition based on clinical signs and symptoms and using your clinical judgment. Please note that in some cases clinicians have reportedly intervened surgically to remove a broken ring without removing the adherent patch with good success. However, in more serious cases such as bowel obstruction or perforation or serious abdominal wall infection, you may wish to consider removing the entire patch; and
- Report: please report any problems that you encounter with this or any other Davol product to our Customer Quality Assurance Department at 1-800-556-6756 extension 2438.

**OBSERVED RATE OF OCCURRENCE AND CLINICAL IMPLICATIONS:**

Product Codes 0010206, 0010207 & 0010208 Bard® Composix® Kugel Extra Large Oval Patches: Through March 10, 2006, a total of 31 ring breaks were reported to us from the approximately 29,000 extra large size units distributed (approximately 0.109%). Of the 31 ring breaks reported, 20 involved patient injury, including,

- 11 cases where the broken ring migrated into or through the patient's abdominal wall, with associated infection in 2 cases;
- 1 case where the ring reportedly migrated into the vagina;
- 7 cases of bowel perforation reported in association with a broken ring;
- 1 case of bowel obstruction, which was repaired without removal of the mesh (causality to the broken ring has not been clearly established in this case);

- 1 reported death where the patient reportedly developed septic shock, consumptive coagulopathy and acute myocardial infarction after surgery to repair small and large bowel fistulas reportedly caused by perforation by the broken ring.

Product Code 0010202, Bard® Composix® Kugel Large Oval Patch: A total of 3 ring breaks have been reported to us from the approximately 24,000 units distributed between 2001 and 2003, for a reported occurrence rate of 0.0125%. Of those three reports, 1 involved patient injury (abdominal wall pain requiring explant of the recoil ring but not the patch) for a reported occurrence rate of 0.0041%.

Product Code 0010209, Bard® Composix® Kugel Oval Patch & Product Code 0010204, Bard® Composix® Kugel Large Circle: No reports of ring breakage have been reported in approximately 22,000 Large Circle patches or approximately 3,000 of the Oval patches. However, because of the similarity to the other products under recall, this product is being recalled as a precaution.

If you experience a ring break please return the product to Davol for a complete evaluation. To return the product call Davol Customer Service at 1-800-531-4124 to receive instructions on how to return the product.

Davol recognizes the impact of any product performance communication on both you and your patients and we sincerely regret the difficulties this recall may cause you and your patients. If you have any questions regarding this patient management communication, please contact Bard's Medical Services and Support Department at 1-800-562-0027. If you are a clinician who would like to speak with the Bard Medical Director please contact me at 1-908-277-8306.

Any adverse reactions or quality problems experienced with use of these products should be reported to the FDA MedWatch Program by phone at 1-800-FDA-1088, by fax at 1-800-FDA-0178, by mail to MedWatch, HF-2, FDA, 5600 Fishers Lane, Rockville, Md. 20852-9787, or on the MedWatch web site at www.fda.gov/medwatch.

Sincerely,

David Ciavarella, M.D.
Staff Vice President, Corporate Clinical Affairs

RECEIVED
CLERK'S OFFICE
2007 MAR 20 P 2 23
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

IN RE: KUGEL MESH HERNIA PATCH PRODUCT LIABILITY LITIGATION ) MDL Docket No. 1842

**RESPONSE OF C.R. BARD, INC. AND DAVOL INC. TO PLAINTIFFS' MOTION FOR TRANSFER, COORDINATION, AND CONSOLIDATION OF RELATED ACTIONS TO THE DISTRICT OF RHODE ISLAND PURSUANT TO 28 U.S.C. § 1407**

C.R. Bard, Inc. and Davol Inc. ("Bard") oppose plaintiffs' motion for transfer, coordination, and consolidation of cases pursuant to 28 U.S.C. § 1407. Set forth below, pursuant to Rule 7.1(b) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, are Bard's specific responses to the averments made in plaintiffs' motion.

1. Bard admits that in each of the cases proposed for consolidation, with the exception of the *Campbell* matter, there are allegations that Bard defectively designed and/or manufactured the Composix® Kugel® hernia patch. *Campbell* does not involve a Composix® Kugel® hernia patch, but rather a Kugel® patch, a different product, which was designed and manufactured by someone other than Bard.[1] Bard denies that the remaining cases "arise out of

[1] Bard acquired the Kugel® hernia patch product line from Surgical Sense, Inc. on January 26, 2000 in an asset purchase transaction. After this acquisition, Surgical Sense continued under the name WCO Medical Products Corporation. Both entities are parties to the *Campbell* matter.

the same conduct and allege similar claims" as each case involves individual questions of fact thus precluding consolidation. For example, two of the personal injury cases claim injury due to a ring weld break – the subject of the product recalls prominently described in movants' Memorandum of Law – and the rest do not; movants' own case not only involves no allegation of ring break, but claims that the movants have not been physically injured in *any* way by a Composix® Kugel® Patch product.

2. Denied. Bard states the attached Case Chart contains the pending federal cases in which allegations are made against Bard or Davol concerning Composix® Kugel® Patch product.

3. Denied. Consolidation is not necessary in these cases. Bard further states, in the event the Panel determines consolidation is warranted, that the District of Rhode Island is an inappropriate forum and proposes that the Eastern District of Missouri is better suited to address pretrial management of these cases.

4. Denied. As set forth more fully in its accompanying memorandum, the federal actions do not involve common factual and legal issues, and the parties would be best served by having the individual cases proceed in their respective districts as they are currently.

5. Denied. *Carter*, *Edgar*, and *Wilson* are in the midst of discovery with document production undergoing. To disrupt the progress the parties have made in these cases would unduly prejudice the parties.

6. Denied. As set forth more fully in its accompanying memorandum, consolidation will hinder the progress of these cases and unduly prejudice the individual plaintiffs.

7. Denied.

8. Bard lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 8, and therefore denies the same.

WHEREFORE, Bard respectfully requests that this Panel deny plaintiffs' motion for transfer.

Date: March 20, 2007

Respectfully Submitted,

Joe Hollingsworth / by KTG

Joe G. Hollingsworth, DC Bar No. 203273
Kirby T. Griffis, DC Bar No. 453091
William J. Cople III, DC Bar No. 384984
SPRIGGS & HOLLINGSWORTH
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

Attorneys for Defendants
C.R. BARD, INC. and DAVOL INC.

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| IN RE: KUGEL MESH HERNIA PATCH PRODUCT LIABILITY LITIGATION | ) | MDL Docket No. 1842 |

**REASONS WHY ORAL ARGUMENT SHOULD BE HEARD**

C.R. Bard, Inc. and Davol Inc., pursuant to Rule 16.1(b) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, submit the following reasons why the Panel should hear oral argument on plaintiffs' motion to transfer.

Oral argument will assist the Panel in understanding the nature of the pending litigation, and particularly the major differences between the handful of federal cases, which include that some involve claims of personal injury while one (the movant's case) does not, some involve claims that the product in question failed in a manner relevant to a series of recalls, while others make no such claim and do not bring such evidence into issue, that some involve allegations of fraud or misrepresentation and some do not, and that some seek punitive damages and some do not. Oral argument will also assist the Panel by satisfying any concerns that the Panel may have about the manner in which discovery and other pretrial matters already are being successfully coordinated without MDL or other judicial intervention.

RECEIVED
CLERK'S OFFICE
2007 MAR 20 P 3:23
JUDICIAL PANEL ON
MULTIDISTRICT

Date: March 20, 2007

Respectfully Submitted,

Joe Hollingsworth / by KTG

Joe G. Hollingsworth, DC Bar No. 203273
Kirby T. Griffis, DC Bar No. 453091
William J. Cople III, DC Bar No. 384984
SPRIGGS & HOLLINGSWORTH
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

Attorneys for Defendants
C.R. BARD, INC. and DAVOL INC.

**PROOF OF SERVICE**

I HEREBY CERTIFY that on this 20th day of March 2007, I served copies of C.R. Bard, Inc.'s and Davol Inc.'s Response of C.R. Bard, Inc. and Davol Inc. to Plaintiffs' Motion for Transfer, Coordination, and Consolidation of Related Actions to the District of Rhode Island and Memorandum of Law in Support of Response, Reasons Why Oral Should be Heard, and Schedule of Actions via first-class mail; ECF and/or hand-delivery on the following persons:

Harris L. Pogust
Pogust & Braslow, LLP
161 Washington Street, Suite 1520
Conshocken, PA 19428
Counsel for Plaintiff Jenine Von Essen

Maruice B. Graham
M. Graham Dobbs
Gray & Ritter, P.C.
701 Market Street, Suite 800
St. Louis, MO 63101-1826
Counsel for Plaintiff Timothy J. Edgar

Craig Philip Niedenthal
Cory Watson Crowder
2131 Magnolia Avenue, Suite 200
Birmingham, AL 35205
Counsel for Plaintiff Jane R. Wilson

Jonathan Alan Saul
Thomas Minder and Associates
2151 River Plaza Drive, Suite 290
Sacramento, CA 95833
Counsel for Plaintiffs Daniel Poston and Darline Poston

RECEIVED
CLERK'S OFFICE
2007 MAR 20 P 3:23
JUDICIAL PANEL ON
MULTIDISTRICT

Joseph W. Phebus
Phebus & Koester
136 W. Main Street
Urbana, IL 61801
Counsel for Plaintiff James Daniel Mathein

Edward A. Wallace
Wesler Toriseva Wallace LLP
One N. LaSalle Street, Suite 2000
Chicago, IL 60602
Counsel for Plaintiff Sonia Montiel, *et al.*

David A. Hodges
Attorney at Law
Centre Place
212 Center Street, Fifth Floor
Little Rock, AR 72201-2429
Counsel for Plaintiff Carolene Jean Carter
Counsel for Plaintiff Mary Jane Campbell

William Douglas Martin
Kutak Rock LLP
214 W. Dickson
Fayetteville, AR 72701
Counsel for WCO Medical Products Corp. and Surgical Sense, Inc.

Donald D. Zuccarello
3209 West End Avenue
Nashville, Tennessee 37203
Counsel for Plaintiff George Luffman

Andrew J. Carboy
Sullivan Papain Block McGrath & Cannavo, P.C.
120 Broadway, 18th Floor
New York, New York 10271
~~Counsel for Plaintiffs Sophia Katechis and Nicholas Katechis~~
Counsel for Plaintiffs Thomas Hyland and Mary Jean Hyland

W. Lewis Garrison, Jr.
Heninger Garrison Davis, LLC
2224 1st Avenue North
Birmingham, Alabama 35203
Counsel for Plaintiffs Lilyan Kathleen Hall and Alonzo Hall

Peter J. Brodhead
Spangenberg, Shibley & Liber
1900 East Ninth Street, Suite 2400
Cleveland, Ohio 44114
Counsel for Richard Sayler and Lucinda Sayler

Joe Hollingsworth / by KTG
Joe G. Hollingsworth