**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444
**-and-**
**SPRIGGS & HOLLINGSWORTH**
1350 I Street, N.W., Ninth Floor
Washington, DC 20005
(202) 898-5800

*Attorneys for Defendants*
*C.R. Bard, Inc. and Davol Inc.*
DC-3417

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JENINE VON ESSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.___________________ |
| | ) | |
| DAVOL INC., a Rhode Island corporation; | ) | **NOTICE OF REMOVAL WITH** |
| C. R. BARD, INC., a New Jersey corporation, | ) | **COPIES OF ALL PROCESS AND** |
| | ) | **PLEADINGS IN STATE COURT** |
| Defendants. | ) | **AND CERTIFICATION OF** |
| | ) | **SERVICE** |
| | ) | |
| | ) | |

TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

Defendants C.R. Bard, Inc. ("Bard") and Davol Inc. ("Davol"), by their undersigned counsel, hereby remove the above-captioned matter from the Superior Court, Law Division, Union County, New Jersey, to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446. In support of removal, Bard and Davol respectfully state:

1. Plaintiff filed this action in the Superior Court, Law Division, Union County, New Jersey, on August 21, 2006. Bard was served on September 28, 2006, and, on information and belief, Davol was served on or after September 2, 2006.[1]

2. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Bard and Davol have satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1441(b) & (c).

**I. Bard and Davol Have Satisfied the Procedural Requirements for Removal**

3. Removal is timely. Bard and Davol were served with a copy of the Complaint on or after September 2, 2006. *See* Att. A (Copy of all Process, Pleadings, and Orders served upon Bard and Davol, including the Summons and Complaint). This Notice of Removal is being filed within 30 days of the first date on which Bard and Davol may have received a copy of the Complaint through service, and so is timely pursuant to 28 U.S.C. § 1446(b).

4. No further proceedings have been had in the state court action.

5. No previous application has been made for the relief requested herein.

6. A copy of the written notice required by 28 U.S.C. § 1446(d) is attached as Att. B and is being filed in the Superior Court, Law Division, Union County, New Jersey and served on Plaintiff.

[1] Plaintiffs mailed a copy of the summons and complaint to "Davol, Inc." by certified mail, and have informed counsel for Davol that they received a certified return that shows that the package was delivered to Davol on September 2, which is a Saturday. Plaintiffs did not address the package to an officer, general manager, or registered agent of Davol, and at this time Davol does not know on what date (if ever) an officer, general manager, or registered agent at Davol saw the summons and complaint. As this notice of removal is filed within 30 days of September 2, however, analysis of these issues is not necessary.

## II. Removal is Proper in This Case

7. This Court has federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff's claim requires resolution of issues premised on the application of federal law and regulations. Accordingly, federal issues are actually in dispute, the federal issues are substantial, and the exercise of jurisdiction by this Court is consistent with congressional judgment about the sound division of labor between the state and federal courts. *See, e.g., Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg*, 545 U.S. 308, 125 S.Ct. 2363, 2366-67 (2005) (holding that federal question jurisdiction exists notwithstanding the fact that Congress did not provide a private right of action in the federal statute forming the basis of the substantial federal question).

8. The United States Supreme Court's decision in *Grable* held that federal question jurisdiction did not require the plaintiff to have asserted a federal cause of action. A case asserting only state law causes of action is removable if it raises a substantial federal question. *See Grable*, 125 S.Ct. at 2369-71.

9. Plaintiff's claim for punitive damages raises a substantial federal question because plaintiffs base their claim for entitlement to punitive damages by asserting that Bard and Davol withheld material information from the FDA. Complaint ¶ 50.[2] This claim triggers federal preemption. *See, e.g., Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 343 (2001) (causes of action premised on allegation of fraud on the FDA are preempted).

10. The remaining claims are removable pursuant to 28 U.S.C. §§1367(a) & 1441(c).

11. For the foregoing reasons, this Court has jurisdiction over this matter.

[2] Bard and Davol take no position at this time on which state's punitive damages law applies to this case. Plaintiff explicitly invokes New Jersey punitives law, which bars punitive damages claims against a medical device manufacturer, but then incorporates federal law by providing for an *exception* to the bar where the manufacturer "knowingly withheld or misrepresented [material] information required to be submitted under the [FDA's] regulations." N.J.S.A. § 2A:58C-5(c).

WHEREFORE, Bard and Davol respectfully removes this action from the Superior Court, Law Division, Union County, New Jersey to this Court pursuant to 28 U.S.C. § 1441.

Date: October 2, 2006

Respectfully submitted,

David J. Cooner

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444
(973) 297-3960 (fax)

Of Counsel:

Kirby T. Griffis
Dana Alan Gausepohl
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

Attorneys for Defendants
C.R. BARD, INC. and DAVOL INC.

**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444
**-and-**
**SPRIGGS & HOLLINGSWORTH**
1350 I Street, N.W., Ninth Floor
Washington, DC 20005
(202) 898-5800

*Attorneys for Defendants*
*C.R. Bard, Inc. and Davol Inc.*
DC- 3417

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JENINE VON ESSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.________________ |
| | ) | |
| DAVOL INC., a Rhode Island corporation; | ) | |
| C. R. BARD, INC., a New Jersey corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2006, the foregoing Notice of Removal was served upon the following counsel via first-class mail, in accordance with the New Jersey Rules of Court.

Derek T. Braslow, Esq.
Pogust & Braslow, LLC
161 Washington Street, Suite 1520
Conshohocken, PA 19428

____________________
David J. Cooner

**EHXIBIT A**

**POGUST & BRASLOW, LLC**
**Harris L. Pogust, Esq.**
**Derek T. Braslow, Esq.**
**Robert N. Wilkey, Esq.**
**Eight Tower Bridge**
**161 Washington Street, Suite 1520**
**Conshohocken, PA 19428**
**(610) 941-4204 Ph.**
**(610) 941-4245 Fax**
**Attorneys for Plaintiff**

COMPUTER
SEP 13 2006
SECTION

FILED
Superior Court of New Jersey
SEP 11 2006
CIVIL CASE MANAGEMENT
UNION COUNTY

| | |
|---|---|
| **JENINE VON ESSEN**<br>9935 Wingtip Rd.<br>Philadelphia, PA 19115<br>**Plaintiff,**<br><br>**C.R. BARD, INC.**<br>730 Central Avenue<br>Murray Hill, New Jersey, 07974<br><br>**AND**<br><br>**DAVOL, INC.**<br>100 Sockanossett Crossroad<br>P.O. Box 8500<br>Cranston, RI 02920<br>**Defendants.** | **SUPERIOR COURT OF NEW JERSEY**<br><br>**UNION COUNTY- LAW DIVISION**<br>**Docket No.: UNN-L-2973 06**<br><br>**Civil Action**<br><br>**COMPLAINT AND JURY DEMAND** |

**CERTIFICATE OF SERVICE**

I, Sharon Tolton, Paralegal, hereby certify that on September 2, 2006, I caused a true and correct copy of the foregoing *Complaint-Civil Action* to be served via First Class Mail, postage pre-paid, upon the following:

Davol, Inc.
100 Sockanossett Crossroad
P.O. Box 8500
Cranston, RI 02920

By: *Sharon Tolton*
Sharon Tolton, Paralegal

**Dated: September 5, 2006**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Davol, Inc.
100 Sockanossett Crossroad
PO Box 8500
Cranston, RI 02920

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name): Al Baker
C. Date of Delivery: 9/2

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☒ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label): 7006 0100 0006 1196 3994

PS Form 3811, February 2004 Domestic Return Receipt VON ESSEN 102595-02-M-1540

# EXHIBIT "A"

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division – Civil Part pleadings (not motions) under Rule 4:5-1.
**Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.**

| FOR USE BY CLERK'S OFFICE ONLY |
|---|
| PAYMENT TYPE: CK CG CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| | | |
|---|---|---|
| 1. ATTORNEY/PRO SE NAME: Derek T. Braslow, Esq. | 2. TELEPHONE NUMBER: (610) 941-4204 | 3. COUNTY OF VENUE: Union |
| 4. FIRM NAME (if applicable): Pogust & Braslow, LLC. | | 5. DOCKET NUMBER (When available): UNN-L-2973 06 |
| 6. OFFICE ADDRESS: 161 Washington Street, Suite 1520, Conshohocken, PA 19428 | | 7. DOCUMENT TYPE: Complaint |
| | | 8. JURY DEMAND: [X] YES [ ] NO |
| 9. NAME OF PARTY (e.g., John Doe, Plaintiff): Jenine Von Essen, Plaintiff | 10. CAPTION: Jenine Von Essen v. C.R. Bard, Inc., and Davol, Inc. | |
| 11. CASE TYPE NUMBER (See reverse side for listing): 606 | 12. IS THIS A PROFESSIONAL MALPRACTICE CASE? [ ] YES [X] NO. IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. | |
| 13. RELATED CASES PENDING? [ ] YES [X] NO | 14. IF YES, LIST DOCKET NUMBERS | |
| 15. DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? [ ] YES [X] NO | 16. NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN: [ ] NONE [X] UNKNOWN | |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

17. A. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? [ ] YES [X] NO
IF YES, IS THAT RELATIONSHIP: [ ] EMPLOYER-EMPLOYEE [ ] FRIEND/NEIGHBOR [ ] OTHER (explain) ________ [ ] FAMILIAL [ ] BUSINESS

18. B. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? [ ] YES [X] NO

19. USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

RECEIVED/FILED
Superior Court of New Jersey
AUG 21 2006
VIL CASE MANAGEMENT
UNION COUNTY

20. DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? [ ] YES [X] NO — IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: ________

21. WILL AN INTERPRETER BE NEEDED? [ ] YES [X] NO — IF YES, FOR WHAT LANGUAGE: ________

22. ATTORNEY SIGNATURE

Revised effective 4/1/05